UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT S. LIPPERT,<br><br>    Plaintiff,<br><br>vs.<br><br>JOANNA McFARLAND, Attorney at Law,<br><br>    Defendant. | Case No. 1:19-cv-00354-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Robert S. Lippert was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 1, 7.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that this entire action is subject to dismissal for failure to state a federal claim upon which relief can be granted.

### REVIEW OF COMPLAINT

1. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

To state a plausible claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

2. **Summary of Allegations**

Plaintiff is an Idaho Department of Correction (IDOC) prisoner. He asserts that he filed a Rule 35 motion for dismissal of illegal sentence in the Idaho state district court in 2016. Attorney Joanna McFarland was appointed to represent him in the matter in March 2018. Plaintiff asserts that McFarland did not follow his instructions to pursue his Rule 35 motion on the grounds asserted therein, but instead filed her own version of the motion,

which was based on completely unrelated grounds. McFarland then delayed telling Plaintiff his motion had been denied. Plaintiff alleges that McFarland did little or nothing to represent him in the case and "flagrantly disregarded her duty to her client, Mr. Lippert." Dkt. 1-2, p. 18. In addition, he alleges that McFarland falsified public records and prepared false evidence for use in his case—both violations of the Idaho Criminal Code.

Thereafter, Plaintiff requested in writing that the Idaho Supreme Court bring criminal charges against McFarland for her actions and omissions committed in Plaintiff's Rule 35 case. The Idaho Supreme Court informed Plaintiff that it does not process criminal complaints, and that he should contact the prosecutor's office in the geographical area where the crime occurred. Dkt. 1-1, p. 9.

### 3. Discussion of Claims Against McFarland

In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court held that that criminal defense attorneys—even if they are acting as public defenders paid by the government—are not considered "state actors" under § 1983 because, in their unique function, they are not *acting on behalf of* the State:

> Indeed, *Polk County v. Dodson*, [454 U.S. 312 (1981)] … is the only case in which this Court has determined that a person who is employed by the State and who is sued under § 1983 for abusing his position in the performance of his assigned tasks was *not* acting under color of state law. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325, 102 S.Ct., at 453. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally

> obliged to respect. *Id.*, at 321-322, 102 S.Ct., at 451. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id.*, at 318- 319, 320, 102 S.Ct., at 450. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id.*, at 323, n. 13, 102 S.Ct., at 452, n. 13. *See also Lugar v. Edmondson Oil Co.*, 457 U.S., at 936, n. 18, 102 S.Ct., at 2753, n. 18.

*Id.* at 50 (emphasis added).

As the case law clearly specifies, Plaintiff may not maintain a federal civil rights claim against a public defender or defense attorney, because—even though they may have been funded by the state—they are not considered as having acted on behalf of the state. Hence, McFarland is not a state actor. If Plaintiff desires to pursue a legal malpractice claim against McFarland, that is a pure state law cause of action that must be asserted in state court.

In addition, Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F.Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."). As the Idaho Supreme Court directed, Plaintiff should contact the county prosecutor in the county where the alleged crimes occurred if he desires prosecution.

### 4. Conclusion

Plaintiff has failed to state a federal claim upon which relief can be granted. Amendment would be futile, because his facts support only state law claims. Therefore, his Complaint will be dismissed in its entirety, and his other motions will be denied.

### ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint (Dkt. 1) is DISMISSED for failure to state a federal claim upon which relief can be granted.

2. Plaintiff's Motion to Enjoin United States as Co-Complainant (Dkt. 4) is DENIED.

3. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 7) is DENIED for failure to submit a supporting prison trust account statement.

4. Plaintiff's Motion to Compel Production of Documents (Dkt. 9) is DENIED.

DATED: December 9, 2019

_____
David C. Nye
Chief U.S. District Court Judge